No. 22-55787

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

SHAWN D. POWELL,

*Petitioner-Appellant,*

v.

FIDENCIO GUZMAN, WARDEN,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Central District of California, No. 5:21-cv-02052-DOC-PVC
The Honorable David O. Carter

## APPELLANT'S REPLY BRIEF

CUAUHTEMOC ORTEGA
Federal Public Defender
Central District of California
ESTALYN S. MARQUIS
Email: Estalyn_Marquis@fd.org
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-2854

*Counsel for Petitioner-Appellant
Shawn D. Powell*

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | The State Court's Decision was Unreasonable | 1 |
| | B. | Powell Received Ineffective Assistance of Counsel | 5 |
| | | 1. Trial Counsel Rendered Ineffective Assistance by Conceding Powell's Guilt of Vandalism and Violation of a Protective Order | 5 |
| | | 2. Trial Counsel Rendered Ineffective Assistance by Failing to Investigate and Present Crucial Evidence in Support of Powell's Defense | 7 |
| | |    a. Failure to Investigate, Support, and Explain Defense that Powell Could Not Burglarize his Own Residence | 7 |
| | |    b. Failure to Present and Support Voluntary Intoxication Defense to Burglary | 10 |
| | |    c. Failure to Investigate and Present Mental Health Evidence | 11 |
| | | 3. Cumulative Ineffectiveness | 12 |
| | C. | At a Minimum, this Court Should Remand for an Evidentiary Hearing | 12 |
| III. | CONCLUSION | | 13 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Brumfield v. Cain*,
    576 U.S. 305 (2015) ................................................................................................ 4

*Cudjo v. Ayers*,
    698 F.3d 752 (9th Cir. 2012) .................................................................................... 2

*Earp v. Ornoski*,
    431 F.3d 1158 (9th Cir. 2005) ................................................................................ 13

*Frantz v. Hazey*,
    533 F.3d 724 (9th Cir. 2008) .................................................................................... 4

*McCoy v. Louisiana*,
    584 U.S. 414 (2018) .................................................................................................. 5

*Panetti v. Quarterman*,
    551 U.S. 930 (2007) .................................................................................................. 2

*Reynoso v. Giurbino*,
    462 F.3d 1099 (9th Cir. 2006) ................................................................................ 11

*Riley v. Payne*,
    352 F.3d 1313 (9th Cir. 2003) ................................................................................ 12

*Sanders v. Ratelle*,
    21 F.3d 1446 ........................................................................................................... 11

*Schriro v. Landrigan*,
    550 U.S. 465 (2007) ................................................................................................ 12

*Strickland v. Washington*,
    466 U.S. 668 (1984) ................................................................................ 1, 4, 11, 12

*Taylor v. Maddox*,
    366 F.3d 992 (9th Cir. 2004) .................................................................................... 4

*Thomas v. Chappell*,
    678 F.3d 1086 ........................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

*Womack v. Del Papa*,
 497 F.3d 998 (9th Cir. 2007) .................................................................................. 7

**State Cases**

*People v. Gauze*,
 15 Cal. 3d 709 (1975) .............................................................................................. 9

**Federal Statutes**

28 U.S.C. § 2254(d) ........................................................................................... 3, 4

# I. INTRODUCTION

In his opening brief, Petitioner Shawn D. Powell demonstrated that he received ineffective assistance of counsel at his 2019 trial when trial counsel unreasonably conceded Powell's guilt of vandalism and violation of a protective order and failed to investigate, discover, and present readily available evidence in support of Powell's defenses to first-degree burglary. Individually and cumulatively, trial counsel's errors constituted deficient performance that was prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984). In response, Respondent argues that the state court reasonably rejected Powell's claims. (Dkt. No. 30 at 1.) But Respondent fails to adequately wrestle with Powell's arguments. The state court's denial of Powell's claim was contrary to, and involved an unreasonable application of, *Strickland*, and was based upon an unreasonable determination of the facts. This Court should reverse the district court's order concluding otherwise and remand with instructions to grant Powell habeas relief on his ineffective assistance of counsel (IAC) claim.

# II. ARGUMENT

## A. The State Court's Decision was Unreasonable

In his opening brief, Powell argued that the state court's determination that he was required to "demonstrate that a more favorable outcome would have resulted" absent his trial counsel's ineffective assistance contradicts clearly

established federal law as set forth in *Strickland*. *See* Dkt. No. 25, Appellant's Opening Brief (AOB), at 30 (citing 8-ER-1521). Respondent acknowledges that *Strickland* "requires only the reasonable probability of a different outcome." *See* Dkt. No. 30, Respondent's Answering Brief (RAB), at 12. He argues that the state court's decision was reasonable, however, because the state court identified the correct legal standard in its discussion of the standard for assessing prejudice and, in any case, "the state court's point" was that Powell had failed to provide a basis for finding that prejudice resulted from trial counsel's conduct. (RAB at 12.)

These arguments are unavailing for at least two reasons. *First*, identification of the correct legal standard on its own is insufficient to support a finding that the state court's decision was reasonable. Even if a state court identifies the correct governing principle, it still unreasonably applies federal law when it unreasonably applies it to the facts of the case. *See Cudjo v. Ayers*, 698 F.3d 752, 761 (9th Cir. 2012). Indeed, "[t]hat the standard is stated in general terms," like the statement of the prejudice standard in the state court decision here, "does not mean the application was reasonable." *See Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) (internal citation and quotations omitted). *Second*, Respondent encourages this Court to assume that the state court did not mean what it said, *i.e.*, that Powell was required to show "that a more favorable outcome would have resulted" (8-ER-1521), and to assume that it instead correctly determined that Powell had not

established prejudice. (RAB at 12.) Given the state court's clear indication that it erroneously imposed a higher burden than that required by *Strickland*, however, there is no basis to assume that it did not actually do so. The state court's decision, therefore, was contrary to, and involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

As discussed in detail in Powell's opening brief, his trial counsel failed to make reasonable investigations and to present the best argument and evidence in support of his defense. Trial counsel's errors fell below prevailing professional norms at the time of Powell's trial, and the state court's conclusion to the contrary was objectively unreasonable and involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

Respondent also contends that the state court's decision was based on a reasonable determination of the facts, because Powell did not provide the state court with any evidence in support of his assertions. (RAB at 12.) But as detailed in his opening brief, Powell pointed to evidence in the record to support his allegations that trial counsel's actions fell below prevailing norms and also identified evidence that would have been made part of the record before the jury had his trial counsel been effective. *See* 8-ER-1527, 1530. In other words, he identified evidence to support both prongs of *Strickland*. The state court's erroneous determination that Powell had failed to set forth *any* facts or factual

basis to support either prong of *Strickland*, 8-ER-1521, was not just incorrect but objectively unreasonable, and indicates that the fact-finding process itself was defective. *See Brumfield v. Cain*, 576 U.S. 305, 311 (2015); *Taylor v. Maddox*, 366 F.3d 992, 999-1001 (9th Cir. 2004), *overruled on other grounds*. Although Respondent contends that "self-serving statements" alone are insufficient (RAB at 12), he does not address the state court's apparent failure to review, let alone properly evaluate, the facts in support of Powell's IAC claim. *See Thomas v. Chappell*, 678 F.3d 1086, 1102) (9th Cir. 2012) (internal citation and quotations omitted).

In short, no fair-minded jurist could agree with the Superior Court's denial of Powell's IAC claim. The state court's application of an incorrect standard and failure to evaluate and consider relevant evidence in support of Powell's IAC claim involved an objectively unreasonable application of *Strickland*, 28 U.S. § 2254(d)(1), and the state court's denial of Powell's claim was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Respondent's arguments to the contrary are unavailing, and the Court should grant relief on Powell's IAC claim on *de novo* review. *See Frantz v. Hazey*, 533 F.3d 724, 736 (9th Cir. 2008).

## B. Powell Received Ineffective Assistance of Counsel

### 1. Trial Counsel Rendered Ineffective Assistance by Conceding Powell's Guilt of Vandalism and Violation of a Protective Order

During closing argument, Powell's trial counsel conceded his guilt as to the charges of vandalism and violation of a protective order, and Respondent does not argue otherwise. *See* 7-ER-1342; 7-ER-1368. In his opening brief, Powell argued that these concessions were unreasonable for two main reasons: (1) the concessions undermined the defense's chosen strategy at trial; and (2) the concessions fundamentally weakened one of his strongest defenses against the more serious burglary charge, *i.e.*, that he lived at the residence he was charged with burglarizing. (AOB at 16-20.)

Apparently misunderstanding the nature of Powell's claim, Respondent argues that Powell is not entitled to relief because he fails to meet the requirements set forth in *McCoy v. Louisiana*, 584 U.S. 414 (2018). In particular, Respondent argues that Powell must be denied relief, because he failed to present evidence that he expressly objected to trial counsel's decision to concede guilt to the two charges. *See* RAB at 10. But Powell does not bring a claim under *McCoy*. As evidenced by the certificate of appealability, Powell brings a claim for ineffective assistance of counsel. (Dkt. No. 6-1.) As Powell's opening brief explained in great detail, he is entitled to relief on his IAC claim, because his trial counsel's

concession of guilt on the charges of vandalism and violation of a protective order resulted in constitutionally ineffective assistance of counsel under *Strickland*. (AOB at 16-20.) Powell was not required to establish that he expressly objected to the concessions in order to succeed on his IAC claim under *Strickland*.

Respondent's contentions that trial counsel's concessions were reasonable are without merit. He does not seriously address Powell's argument that the concessions weakened, rather than strengthened, the primary defense of witness reliability, simply asserting that trial counsel's chosen strategy was one of the few available in light of the evidence. (RAB at 11.) As for Powell's argument that the concessions fundamentally weakened his defense against burglary, Respondent asserts that it was "consistent" for counsel to concede that Powell damaged property that he did not own "while arguing that Powell did not commit burglary." (RAB at 11-12.) But the problem with this assertion is that trial counsel *never explained* Powell's defense against the burglary charge. (AOB at 24.) While the concessions did not technically preclude Powell's defenses against burglary, they undoubtedly confused the jury—and, in fact, did confuse the district court. (AOB at 18.) The risk of confusion was especially great, given trial counsel's failure to explain Powell's defenses against burglary.

A reasonable defense attorney would not have conceded vandalism and violation of a protective order where such concessions had the potential to confuse

the jury and weaken Powell's strongest defense against the more serious charge of burglary. Trial counsel's decision to concede Powell's guilt to vandalism and violation of a protective order was deficient under *Strickland*. This is especially true when trial counsel's concessions are considered in conjunction with counsel's other errors at trial. Trial counsel's concessions also resulted in severe prejudice to Powell—whether considered on their own or in the context of trial counsel's other errors. Respondent has not shown otherwise.

> 2. **Trial Counsel Rendered Ineffective Assistance by Failing to Investigate and Present Crucial Evidence in Support of Powell's Defense**
>
> > a. **Failure to Investigate, Support, and Explain Defense that Powell Could Not Burglarize his Own Residence**

In his opening brief, Powell argued that his trial counsel was ineffective by failing to investigate, support, and properly present the defense that he could not burglarize his own residence. (AOB at 21-25.) As an initial matter, Respondent argues that Powell has failed to produce evidence that his counsel overlooked. (RAB at 13.)[1] Perhaps recognizing, however, that it would constitute deficient

---

[1] To the extent Respondent relies on *Womack v. Del Papa*, 497 F.3d 998 (9th Cir. 2007) in support of this argument, that case is easily distinguishable from Powell's. In *Womack*, the petitioner claimed that he had received ineffective assistance of counsel when his counsel neglected to discuss potential defenses with him, even though the petitioner had asserted under oath in open court that his attorney had discussed all potential defenses with him. 497 F.3d at 1004. By contrast, Powell has alleged that he clearly requested that his trial counsel

performance for trial counsel to make a decision regarding the significance of evidence without conducting any investigation, Respondent further argues that, even assuming the documentary evidence listed Powell's address at the relevant residence, it would not have raised "the necessary inference" that Powell had an unconditional possessory right to enter the residence he was accused of burglarizing. (RAB at 13.) Respondent further argues that trial counsel could have reasonably decided against presenting the evidence identified by Powell. *Id.* Yet, this argument is belied by Respondent's later acknowledgement that the evidence trial counsel actually presented to establish that Powell lived at the relevant residence "was not very strong." *Id.* at 14.

As Powell argued in his opening brief, that is *exactly* why it was unreasonable and prejudicial for trial counsel to fail to investigate and present evidence to support the residency defense. Indeed, since documentary evidence was critical to one of Powell's strongest defenses against the burglary charge, there is no strategic justification for trial counsel's failure to investigate, obtain, and present it. (AOB at 22.) Respondent's acknowledgement that the evidence trial counsel presented in support of the defense was "not very strong" underscores the strength of Powell's IAC claim.

---

investigate and present evidence to support a defense that he resided at the home he was charged with burglarizing, and he has not previously sworn to the contrary.

8

While Respondent argues that none of the evidence identified by Powell would have changed the fact that "Powell's presence was conditional on a lack of violence," *see* RAB at 15, this analysis misapprehends California law and conflates the charge of violation of protective order with the burglary charge. As the California Supreme Court has recognized, burglary "is aimed at the danger caused by the unauthorized entry itself," and "no danger arises from the mere entry of a person into his own home." *People v. Gauze*, 15 Cal. 3d 709, 711, 717 (1975). Thus, the documentary evidence identified by Powell would have been crucial to establish his residence regardless of behavior he may have engaged in after entry.

As Powell argued in his opening brief, he suffered severe prejudice as a result of trial counsel's ineffectiveness in part due to the very confusion that Respondent's arguments highlight. In light of the unreasonable concessions and without the necessary documentary evidence or trial counsel's guidance as to the burglary defense, a reasonable juror would not have understood the subtle but important distinction between conduct that would violate a protective order and conduct that would support a burglary conviction. (AOB at 25.) In short, trial counsel's failure to investigate, support, and explain Powell's residency defense was constitutionally ineffective.

### b. Failure to Present and Support Voluntary Intoxication Defense to Burglary

In his opening brief, Powell argued that trial counsel was ineffective in obtaining a jury instruction on voluntary intoxication as a defense to burglary but then failing to present evidence in support of the defense and failing to argue the defense to the jury. (AOB at 25-27.) Respondent acknowledges that voluntary intoxication can negate specific intent, such as that required for a burglary conviction. (RAB at 16.) Yet, Respondent asserts without citation to any authority that trial counsel could have reasonably decided against "highlighting Powell's intoxication" because the jury could have viewed such evidence as "supporting the allegations of violence." *Id.* Also without citation to any authority, Respondent further asserts that Powell's intent was not seriously in dispute and that any deficiency on trial counsel's part could not have resulted in prejudice. *Id.* at 16-17.

Respondent does not offer any explanation as to why evidence of voluntary intoxication would not have negated the specific intent required for burglary. As Powell explained in his opening brief, trial counsel's failure to investigate, present evidence, and argue in support of the available defense of voluntary intoxication was without strategic justification and resulted in prejudice to Powell. The burglary charge required the prosecution to prove specific intent beyond a reasonable doubt, and, but for trial counsel's deficient performance, there is a reasonable probability that the jury would have found Powell lacked the required specific intent to sustain

a burglary charge. (AOB at 27.) Respondent's groundless assertions to the contrary are unavailing.

### c. Failure to Investigate and Present Mental Health Evidence

In his opening brief, Powell argued that trial counsel unreasonably curtailed her investigation into and presentation of mental health evidence in violation of her "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Respondent does not argue that trial counsel conducted a reasonable investigation prior to trial. Instead, Respondent contends that Powell has not submitted any evidence substantiating a mental health condition. (RAB at 17.) But that's simply not true. In his opening brief, Powell pointed to evidence in the record that he was untreated for anxiety and depression and mood disorder, as well as polysubstance abuse, at the time of the offense. *See* AOB at 28; *see also* 4-ER-743-749 (psychiatric assessment).

Trial counsel's failure to "conduct even the minimal investigation" into Powell's mental health and substance abuse issues *before trial* constituted deficient performance—especially since trial counsel was on notice that Powell had been intoxicated at the time of the alleged conduct. *See Sanders v. Ratelle*, 21 F.3d 1446, 1456; *see also Reynoso v. Giurbino*, 462 F.3d 1099, 1112 (9th Cir. 2006) (failure to adequately investigate and introduce evidence renders deficient

11

performance). Trial counsel's deficient performance resulted in prejudice. Had the jury had the opportunity to consider evidence regarding Powell's mental health and substance abuse issues, there is a reasonable probability that the result of Powell's trial would have been different. *See Strickland*, 466 U.S. at 694. Respondent has not shown otherwise.

### 3. Cumulative Ineffectiveness

For all of the reasons detailed above, Powell was prejudiced individually and cumulatively by each act of trial counsel's deficient performance, as detailed above. The cumulative effect of all of these errors was to unduly prejudice the outcome of this case—especially with respect to the burglary charge. Accordingly, given trial counsel's deficient performance and its cumulative prejudicial effect, habeas relief is warranted.

### C. At a Minimum, this Court Should Remand for an Evidentiary Hearing

Respondent does not address Powell's request for a hearing, nor does he explain why he has not obtained a declaration from counsel to contest Powell's allegations. Granting relief on the current record would be appropriate here. *See Riley v. Payne*, 352 F.3d 1313, 1319 (9th Cir. 2003). If this Court determines, however, that relief should not be granted on this record, it should nevertheless remand the matter for an evidentiary hearing on Powell's IAC claim. *See Schriro v.*

*Landrigan*, 550 U.S. 465, 474 (2007); *see also Earp v. Ornoski*, 431 F.3d 1158, 1166-67 (9th Cir. 2005).

### III.  CONCLUSION

For all the foregoing reasons, Powell respectfully requests that this Court reverse the District Court's denial of his petition for writ of habeas corpus and grant the writ, or remand the matter for discovery and an evidentiary hearing to allow Powell to further prove his entitlement to relief.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 24, 2025     By  */s/ Estalyn S. Marquis*
ESTALYN S. MARQUIS
Deputy Federal Public Defender
Attorneys for Petitioner-Appellant

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 22-55787

I am the attorney or self-represented party.

**This brief contains** 2,726 **words,** including _____ words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

- ⦿ complies with the word limit of Cir. R. 32-1.
- ○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.
- ○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
- ○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.
- ○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  - ☐ it is a joint brief submitted by separately represented parties.
  - ☐ a party or parties are filing a single brief in response to multiple briefs.
  - ☐ a party or parties are filing a single brief in response to a longer joint brief.
- ○ complies with the length limit designated by court order dated _____.
- ○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Estalyn Marquis  **Date** April 24, 2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**  Rev. 12/01/22